IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| VERONICA HARDY, and JOHN A. VICKERS, | : | |
| Plaintiffs, | : | Civil No. 15-3714 (RBK) |
| v. | : | **OPINION** |
| GLOUCESTER COUNTY; WESTVILLE POLICE DEPARTMENT; SERGEANT MICHAEL PACKER, Individually; OFFICER THOMAS CURL, Individually; HUDSON BAIL BONDS; MANNY NIEVES, Individually; OCTAVIO MEDINA, Individually, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon Plaintiffs' motion for reconsideration (Doc. No. 68). For the reasons set forth below, Plaintiffs' motion is **DENIED**.

**I.  BACKGROUND[1]**

On July 8, 2013, at approximately 10:30 p.m., Sergeant Michael Packer, Patrolman Thomas Curl, and Patrolman Brian Ewe[2] escorted bounty hunters Manny Nieves and Octavio Medina of Hudson Bail Bonds to plaintiff Veronica Hardy's ("Hardy") residence at 1029 Broadway, Apt. B-5 in Westville, New Jersey. The officers and bounty hunters sought Joshua

---

[1] The facts remain the same as they were in this Court's November 2, 2017 decision (Doc. No. 66).
[2] Patrolman Ewe is not a party to this case.

1

Cariola, Hardy's son, who was a fugitive. The officers knocked on Hardy's door and Sergeant Packer asked if they could search the apartment. Hardy testified that she spoke with Sergeant Packer and gave consent for the search.[3] There is a factual dispute about whether Hardy gave informed consent; Hardy maintains that Sergeant Packer did not inform her that she could refuse the search—a requirement under New Jersey law—while Sergeant Packer claims that he did. The officers and bounty hunters then searched the apartment.[4] They did not find Cariola. Hardy testified that Sergeant Packer was "very, very nice" throughout the encounter but that the other officers did not speak at any time. (Def. Ex. A; Hardy Dep. Tr. 53-54).

Hardy's second amended complaint alleges that the bounty hunters "came back and searched the apartment again on July 9, 2013 and July 10, 2013" without a police escort. (*See* Am. Compl. at 2).[5] Hardy's fiancé, plaintiff John Vickers ("Vickers"), joins in the suit. He was not present during the search and not a tenant of the apartment.[6]

Defendants Westville Police Department, Sergeant Packer, and Patrolman Curl moved for summary judgment (Doc. No. 47) on March 8, 2017. Defendants Hudson Bail Bonds, Manny Nieves, and Octavio Medina moved to dismiss this case for failure to state a claim upon which relief could be granted (Doc. No. 52) on March 17, 2017. This Court granted both motions. (Doc. No. 66). Plaintiffs subsequently submitted this motion for reconsideration (Doc. No. 68) and appealed (Doc. No. 69).

---

[3] Patrolman Curd did not overhear this conversation.
[4] Hardy's sister and Hardy's sister's spouse, Nicole Johnson and Kendra Johnson, respectively, were arrested on drug charges during the search.
[5] In her deposition, though, Hardy states that the bounty hunters "didn't ask to come in, search, nothing like that"; instead, they knocked on the door and asked if her son was present. (Def. Ex. A; Hardy Dep. Tr.at 24:9-24:22). When she stated that he was not, "they just left." (*Id.* at 24:19).
[6] Whether Vickers has standing to join in this suit is its own question. We need not answer it, though, as all of Plaintiffs' claims were dismissed on other grounds.

## II. LEGAL STANDARD

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the court on matters which it believes the court overlooked when it ruled on the motion. *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008). "The standard for [reconsideration] is quite high, and reconsideration is to be granted only sparingly." *United States v. Jones*, 159 F.R.D. 309, 314 (D.N.J. 1994) (citing *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)). To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III. ANALYSIS

Plaintiffs have not demonstrated an intervening change of law, previously unavailable evidence, or a clear error of law or fact. (*Id.*). Instead, Plaintiffs make what functionally amounts to the exact same arguments they made in response to the motions initially. (*See* Doc. No. 54). As such, Plaintiffs' motion for reconsideration must be denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration is **DENIED**. An order follows.

Dated: 03/26/2018             s/Robert B. Kugler
                              ROBERT B. KUGLER
                              United States District Judge